**Dated: January 23, 2025**

**The following is ORDERED:**



Sarah A Hall
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| AMY LIEBL DARTER, MD, PC, | ) | Case No. 23-11680-SAH |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| DOUGLAS N. GOULD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. Pro. 23-01057-SAH |
| | ) | |
| AMY LIEBL-WEAVER, KT WEAVER, | ) | |
| AAA SISTERS, LLC, and KT WEAVER | ) | |
| CONSTRUCTION, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING DEFENDANTS' MOTION TO EXTEND TIME TO FILE
NOTICE OF APPEAL, NOTICE OF OPPORTUNITY FOR HEARING,
<u>BRIEF IN SUPPORT AND CERTIFICATE OF SERVICE [DOC. 61]</u>**

The following are before the Court:

1.  Defendants' Motion to Extend Time to File Notice of Appeal, Notice of

    Opportunity for Hearing, Brief in Support and Certificate of Service [Doc. 61],

filed by defendants Amy Liebl-Weaver, KT Weaver, and KT Weaver Construction, LLC (collectively, "Defendants") on December 31, 2024 (the "Motion"); and

2. Plaintiff's Response to Defendants' Motion to Extend Time to File Notice of Appeal [Doc. 65], filed by Douglas L. Gould, chapter 7 trustee ("Trustee") on January 8, 2025.

## SUMMARY

This matter involves the filing of an appeal one day late and the consequences of being one day late. As harsh as it appears, the law in the Tenth Circuit is clear, absent extraordinary circumstances, filing an appeal one day late as a result of miscalculation or mis-docketing does not amount to excusable neglect under Rule 8002(d)(1)(B), Fed. R. Bankr. P. As a result, the Motion must be denied.

## FACTS

1. This Court held a two day trial on July 29 and 30, 2024, in this adversary proceeding. Doc. 46.

2. The parties filed proposed findings of fact and conclusions of law on October 15, 2024. Docs. 56 and 57.

3. On December 16, 2024, the Court entered (i) Findings of Fact and Conclusions of Law (the "Findings and Conclusions") and (ii) Journal Entry of Judgment (the "Judgment"). Docs. 58 and 59.

4. The Notice of Electronic Filing ("NEF") for the Findings and Conclusions indicates it was filed at 11:06 a.m. on December 16, 2024. Doc. 58.

5.  The NEF for the Judgment indicates it was filed at 12:05 p.m. on December 16, 2024. Doc. 59.

6.  Counsel for Defendants claims he received notice of entry of the Findings and Conclusions and the Judgment on December 17, 2024.[1]  Doc. 61, p. 2, ¶ 2.

7.  Then, "[a]fter consulting the Court's local rules and the rules applicable to the Tenth Circuit Bankruptcy Appellate Court," counsel mistakenly docketed the deadline to file an appeal as fourteen days after he received notice of the filing of the Findings and Conclusions and the Judgment, i.e. December 31, 2024, rather than fourteen days after the same had been entered, i.e. December 30, 2024.  Doc. 61, at p. 3, ¶ 3.

8.  Defendants filed the Motion and Notice of Appeal and Statement of Election (the "Notice of Appeal") in this adversary proceeding on December 31, 2024.  Docs. 61 and 62.

9.  In the Motion, Defendants seek an extension of time to file the appeal under Rule 8002(d)(1)(B) claiming counsel mistakenly docketed the deadline to file an appeal as fourteen days after *receiving* the Notices of Electronic Filing on the Findings and Conclusions and the Judgment.

10. Counsel for Defendants only realized his mistake in docketing the deadline to appeal when preparing the Notice of Appeal on December 31, 2024.

---

[1] Although not of particular relevance to the requested extension, counsel for Defendants had the option in CM/ECF to either receive the NEF for a document immediately after it was filed or receive a daily summary report of all links to documents filed in a day, which email is generated and sent at midnight of the filing day.  Counsel for Defendants opted to receive the daily summary rather than immediate notice which is why he received notice of the filing of the Findings and Conclusions and the Judgment on December 17 rather than December 16, 2024. This is of little import, however, as the deadline to file an appeal runs from the day of filing and not receipt. Rule 8002(d)(1)(B).

3

11. Trustee objects to an extension of time to file the appeal.

## **LEGAL ANALYSIS**

Rule 8002, Fed. R. Bankr. P., together with binding authority from the Court of Appeals for the Tenth Circuit, dictates the outcome of this matter. The pertinent provisions of Rule 8002 are:

> (a) In General.
>
> > (1) Time to File. Except as (b) and (c) provide otherwise, a notice of appeal must be filed with the bankruptcy clerk within 14 days after the judgment, order, or decree to be appealed is entered.[2]
> > . . .
>
> (d) Extending the Time to File a Notice of Appeal.
>
> > (1) When the Time May Be Extended. Except as (2) provides otherwise, the bankruptcy court may, on motion, extend the time to file a notice of appeal if the motion is filed:
> >
> > > (A) within the time allowed by this rule; or
> > >
> > > (B) within 21 days after that time expires if the party shows excusable neglect.

Here, the Findings and Conclusions and the Judgment were entered on December 16, 2024, making the deadline for Defendants to file an appeal thereof December 30, 2024, per Rule 8002(a)(1).

"'[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement.'" Biodiversity Conservation Alliance v. Bureau of Land Mgmt., 438 F. App'x 669, 671 (10th Cir.

---

[2] A document is entered when it is entered on the docket. Rule 8002(a)(5)(A)(i), Fed. R. Bankr. P.

2011) (citing Bowles v. Russell, 551 U.S. 205, 214, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007)) (interpreting Rule 4, Fed. R. App. P., which requires an appeal to be filed within 30 days after the judgment or order appealed from is entered). Rule 8002(a) requires the notice of appeal from a bankruptcy order or judgment to be filed fourteen days after entry of the order or judgment. Poddar v. United States Trustee (In re Poddar), 507 F. App'x 773, 775 (10th Cir. 2013). "'[T]he failure to file a timely notice of appeal from a bankruptcy court's order constitutes a jurisdictional defect.'" Poddar, 507 F. App'x at 775 (citing Emann v. Latture (In re Latture), 605 F.3d 830, 832 (10th Cir. 2010)).

      Defendants admit they did not timely file the appeal of the Findings and Conclusions and the Judgment. Motion, p. 2. This Court has the authority under Rule 8002(d)(1)(B) to extend the time to file the notice of appeal if a motion to extend is filed within twenty-one days after the time to appeal expired *and* the party shows excusable neglect. Here, the Motion was filed well within the twenty-one day time limitation. The Motion claims the neglect was excusable because Defendants' counsel erred in docketing the appeal deadline by counting from the date he received notice of the filing of the Finding and Conclusions and the Judgment (December 17) rather than the date they were entered (December 16). This mistake caused Defendants to file their appeal one day late.

      The Court is not considering what constitutes excusable neglect in the absence of controlling authority. The United States Supreme Court previously addressed the meaning of "excusable neglect," concluding whether a party's neglect is excusable is an equitable determination to be made considering all relevant circumstances surrounding the neglect. Biodiversity Conservation, 438 F. App'x at 671 (citing Pioneer Inv. Servs. Co. v. Brunswick

Assocs. Ltd. P'ship, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)).³  Specifically, the determination of whether neglect is excusable should take into account all the relevant circumstances surrounding the neglect including "'[1] the danger of prejudice to the [nonmoving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'"  Biodiversity Conservation, 438 F. App'x at 672 (citing Pioneer, 507 U.S. at 395); Brewer v. Portfolio Recovery Assocs., LLC, 2024 WL 4370826, at *2 (10th Cir. 2024).  However, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect."  Pioneer, 507 U.S. at 392; Lane v. Witt (In re Witt), 2023 WL 8524923, *3 n.2 (10th Cir. 2023).

Excusable neglect is not an easy standard to satisfy.  First Nat'l Bank & Trust Co. Weatherford v. Hobbs (In re Hobbs), 2024 WL 1209199, *4 (10th Cir. BAP 2024) (citing City of Chanute v. Williams Nat. Gas Co., 31 F.3d 1041, 1046 (10th Cir. 1994)).  "Courts should not extend the notice of appeal deadline for excusable neglect absent unique and extraordinary circumstances."  Bruce v. City of Colorado Springs, No. 22-1413, 2024 WL 1109065, at *2 (10th Cir. Mar. 14, 2024) (citing Bishop v. Corsentino, 371 F.3d 1203, 1206 (10th Cir. 2004)).  The standard is not easy because "'fault in the delay remains a very important factor – perhaps the most important single factor – in determining whether neglect is excusable.'"  Biodiversity

---

³Pioneer defined "excusable neglect" in the context of Rule 9006, Fed. R. Civ. P.  The Tenth Circuit has repeatedly applied the Pioneer analysis of "excusable neglect" in the context of an untimely appeal under Rule 4(a)(5), Fed. R. App. P., and 8002(d)(1)(B), Fed. R. Bankr. P.  Biodiversity Conservation, 438 F. App'x at 672 (citing City of Chanute v. Williams Nat. Gas Co., 31 F.3d 1041, 1046 (10th Cir. 1994)); Lane v. Witt (In re Witt), 2023 WL 8524923, at *3 n.2 (10th Cir. 2023).

Conservation, 438 F. App'x at 673 (citing United States v. Torres, 372 F.3d 1159, 1163 (10th Cir. 2004)).  In Torres, defense counsel simply confused the filing deadlines for civil and criminal appeals; nevertheless, the Tenth Circuit held "counsel's misinterpretation of a readily accessible, unambiguous rule cannot be grounds for relief unless '[t]he word 'excusable' [is to be] read out of the rule.'" Torres, 372 F.3d at 1163-64 (citing Prizevoits v. Indiana Bell Tel. Co., 76 F.3d 132, 133 (7th Cir. 1996)); see also In re Scherer, No. 12-81208-TLM, 2022 WL 802588, at *2 (Bankr. E.D. Okla. Mar. 16, 2022) (first citing Lang v. Lang (In re Lang), 305 B.R. 905, 910 n.27 (10th Cir. BAP 2004) (gathering cases); and then citing Allen-Traugott, Inc. v. Sandoval (In re Sandoval), 2009 WL 2372849 at *4 (D. Colo. July 30, 2009)) ("In cases considering whether to afford relief to a party who misses a deadline to file a notice of appeal, courts have overwhelmingly held that press of business, heavy workload, mistakes by office staff, preoccupation with other cases, and inadvertence are insufficient to constitute excusable neglect.").

     Here, the first three factors weigh in favor finding excusable neglect.  A one day delay in filing the Notice of Appeal causes little prejudice to Trustee and virtually no delay.  Moreover, there is no indication Defendants or their counsel acted in bad faith.  However, the fault for the delay – Defendants' counsel's ignorance or misunderstanding that the appeal deadline set forth in the readily accessible and unambiguous Rule 8002(a) ran from the date of entry of the Findings and Conclusions and the Judgment rather than the date he received notice thereof – was within Defendants' counsel's exclusive control.  Bartmann v. Malloy (In re Bartmann), 2005 WL 1324016, at *2-3 (10th Cir. BAP 2005) (citing Torres, 372 F.3d at 1163-64).  The Court cannot make a finding of excusable neglect based on counsel's miscalculation or

misunderstanding, "in fact, it would be an abuse of discretion to [find] excusable neglect based on these arguments." Billings v. Billings, No. 2:09-CV-828-TC, 2009 WL 5195773, at *3 (D. Utah Dec. 21, 2009) (holding counsel misunderstanding the time to file an appeal, miscounting the number of days, or counting from the date of service rather than the date of the judgment's entry cannot support a finding of excusable neglect); see also Biodiversity Conservation, 438 F. App'x at 673.  Even a cursory reading of Rule 8002(a)(1) would have prevented this error, which was completely within Defendants' counsel's exclusive control.

Consequently, Defendants have not established excusable neglect.

## CONCLUSION

For the reasons set forth above, Defendants have not shown excusable neglect, and the time to file their Notice of Appeal of the Findings and Conclusions and the Judgment is not extended.  Accordingly, the Motion is DENIED.

IT IS SO ORDERED.

# # #